UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| RHONDA JONES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:23-cv-34-TAV-MJD |
| | ) |
| VIVIANT CARE MANAGEMENT LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is a motion to withdraw as counsel [Doc. 65] filed by all counsel for Defendant Pollak Innovative Management Partners LLC ("Pollak"). Plaintiffs Veronica Lee, Rhonda Jones, Jamie Laws, and Jasmine Laws-Hord filed a response in opposition [Doc. 66], and Pollak's counsel filed a reply [Doc. 71]. The Court conducted a telephonic status conference regarding the motion on February 21, 2025, and a telephonic hearing on the motion on March 5, 2025. Yaakov Pollak, a principal and agent of Pollak appeared for the March 5 hearing, as did counsel for Plaintiffs and counsel for Pollak.

During the hearing, counsel for Pollak explained they were seeking to withdraw due to a lack of consistent communication with Pollak as well as payment issues. Mr. Yaakov Pollak testified that he consented, on behalf of Pollak, to counsel's withdrawal. Plaintiffs indicated their only remaining objection to the motion was that Pollak, an LLC, cannot proceed without representation, and they requested the Court follow its standard practice of setting a deadline for Pollak to retain new counsel.[1]

---

[1] Plaintiffs' primary objection, as stated in their response [Doc. 66], was due to the timing of the motion vis-à-vis the trial date. Shortly after the response was filed, however, the trial date was

The Court finds Pollak's counsel have complied with all requirements of Eastern District of Tennessee Local Rule 83.4(g) for withdrawal and that the motion to withdraw is proper and appropriate under the circumstances. Accordingly, the motion [Doc. 65] is **GRANTED**, and all counsel for Pollak, and their respective law firms, shall be allowed to withdraw as counsel of record for Pollak. Further, because Pollak is a legal entity which cannot proceed without a licensed attorney representative, *see Wimberly v. Embridge*, 93 F. App'x 22, 23 (6th Cir. 2004) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)), it **SHALL** have substitute counsel file a notice of appearance on its behalf within **30 DAYS** of entry of this Order.

Pollak is **FOREWARNED** that any failure to fully and timely comply with this order may result in sanctions being entered against it, up to and including entry of default judgment.

The Clerk is **DIRECTED** to terminate Attorneys Joseph N. Gross and Thomas D. Jackson, and their law firm of Benesch, Friedlander, Coplan & Aronoff LLP; as well as attorneys Jeffrey William Maddux, Justin L. Furrow, and Kathleen M. Siciliano, and their law firm of Chambliss, Bahner & Stophel, P.C., as counsel of record for Pollak, and to mail a copy of this order to: Pollak Innovative Management Partners LLC, 1200 Babbitt Road, Euclid, Ohio, 44132.

SO ORDERED.

ENTER:

/s/ 
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

continued from April 8, 2025, to October 7, 2025 [Doc. 69]. Plaintiffs conceded during the February 21 telephonic status conference that the continuance resolved the timing aspect of their objection to Pollak's counsel's withdrawal.